IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBIN NEIL SNYDER, # 42841-037 | * | |
| Petitioner | * | Civil Action No. CCB-12-1542 |
| | | Related Criminal Action No.  CCB- 07-155 |
| v | * | |
| UNITED STATES OF AMERICA | * | |
| Respondent(s) | * | |

***

## MEMORANDUM

On May 21, 2012, self-represented petitioner Robin Neil Snyder filed a motion titled "Petitioner's Separate Motion to Vacate All Convictions and Judgement [sic] of $423, 000 for Lack of Subject Matter Jurisdiction Pursuant to Federal Rules of Civil Procedure Under Rule 60(b)(4)," requesting his immediate release from prison.  Mindful that Snyder is a self-represented litigant in this matter, the court has liberally construed his pleading under Rule 60 (b)(4) and, alternatively, under 28 U.S.C. § 2255.

### I.     BACKGROUND

On March 29, 2007, a grand jury returned a 17-count indictment charging Snyder and his mortgage company Mortgage Bankers, Ltd. with 16 counts of wire fraud (Counts One through Sixteen) in violation of 18 U.S.C § 1343 and one count of money laundering (Count Seventeen) in violation of 18 U.S.C. § 1343.   On December 13, 2007, a superseding indictment was returned, charging Snyder and Mortgage Bankers, Ltd. with an additional count of wire fraud (Count Eighteen) and Snyder alone with one count of obstruction of justice (Count Nineteen)  in violation of 18 U.S.C. § 1512(c)(2).

Snyder's jury trial began on February 11, 2008, and lasted for ten days.  During the trial the Court dismissed Count 2 and the government dismissed Counts 9, 11, and 15.   The jury returned a verdict of guilty against Snyder and Mortgage Bankers, Ltd. as to all remaining 15 counts.

The United States Court of Appeals for the Fourth Circuit affirmed judgment on appeal, s*ee United States v. Snyder*, 365 Fed. Appx. 508 (4th Cir. 2010), and the Supreme Court denied certiorari. *See Snyder v. United States*, 131 S.Ct. 595 (2010).  Snyder subsequently filed a timely Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 in Civil Case No. CCB-11-3357 which is under consideration in this court.

## II.    DISCUSSION

### A.  Rule 60(b)(4)

Snyder claims his judgment is void because the superseding indictment in his criminal action "failed to state the charge for all wire fraud counts" under 18 U.S.C. § 1346 and, as a result, the court lacked personal and subject matter jurisdiction over his case.  ECF No. 1, Motion, pp. 3-5. In support, he references the response filed by the government to his  § 2255 petition in Civil Case No. CCB-11-3357.   *Id.*

Federal Rule of Civil Procedure 60(b)(4) allows a district court to vacate an otherwise final order only if "the judgment is void." Fed.R.Civ.P. 60(b)(4).  An order is void for purposes of Rule 60(b)(4) only if the court rendering the decision lacked jurisdiction. *See Wendt v. Leonard*, 431 F. 3d 410, 412 (4th Cir. 2005) (noting a judgment is void under Rule 60(b)(4) only if the court lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law).  Moreover, Rule 60(b)(4) relief is reserved "only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." *United*

*Student Aid Funds, Inc. v. Espinosa*, 130 S.Ct. 1367, 1377 (2010); *see also Wendt*, 431 F.3d at 413–415 (observing Rule 60(b)(4) requires a "total want of jurisdiction" and that the question is not whether the district court was "erroneous" in exercising jurisdiction but rather whether there was "no arguable basis" for jurisdiction). In this case, Snyder fails to show any jurisdictional error, much less egregious jurisdictional error, and there are no grounds for relief under Rule 60(b)(4).

Snyder is cautioned that if he intended the instant motion to serve as a reply to the government's response in his pending § 2255 proceeding, he must file his reply in Civil Action No. CCB-11-3357 on or before July 12, 2012. Snyder should write Civil Action No. CCB-11-3357 on all pleadings he intends to file in the § 2255 action.

### B.  Second § 2255 Motion

The court may not consider the instant motion as a second or successive § 2255 motion absent pre-filing authorization from the Court of Appeals. *See* 28 U.S.C. § 2255(h). Insofar as Snyder intends for this motion to serve as a second § 2255 Petition, and in the absence of any evidence of appellate pre-filing authorization, it will be dismissed without prejudice. No grounds are presented for issuance of a certificate of appealability.

### III.   CONCLUSION

For these reasons, there are no grounds presented to grant relief under Rule 60(b)(4) of the Federal Rules of Civil Procedure. The Motion to Vacate will be dismissed without prejudice and a certificate of appealability will be denied. A separate order follows.

<u>June 5, 2012</u>                                            _____/s/_____
Date                                                                     Catherine C. Blake
                                                                              United States District Judge